UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDIN FELIPE CHAVEZ LOPEZ, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. |
| v. | ) ) | 26-10078-FDS |
| ANTONE MONIZ, et al., | ) ) ) | |
| Respondents. | ) ) | |

### ORDER SETTING DEADLINE FOR AMENDMENT OF PETITION

**SAYLOR, J.**

On January 9, 2026, petitioner filed, through counsel, a petition for a writ of habeas corpus. In their response, respondents identified certain deficiencies in the petition, most notably the absence of plausible factual allegations sufficient to support a claim for relief. (*See* Dkt. No. 6 at 4-6).

It is unclear whether the Rules Governing Section 2254 Cases apply to a petition brought under 28 U.S.C. § 2241. *Cf. Vieira v. Moniz*, 2020 WL 488552, at *1 n.1 (D. Mass. Jan. 30, 2020). Nonetheless, Rule 8 of the Federal Rules of Civil Procedure, which "govern the procedure in all civil actions and proceedings in the United States district courts," Fed. R. Civ. P. 1, clearly applies in this matter. *See Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) ("The Federal Rules of Civil Procedure generally govern habeas proceedings."). Rule 8 requires that a pleading contain, at a minimum, "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought." Fed. R. Civ. P. 8.

The petition fails to meet that standard.  It includes only threadbare recitals that petitioner "is currently detained at Plymouth County Correctional Facility pursuant to ICE custody," and that petitioner "has imminent custody and bond proceedings within the jurisdiction of the Boston Immigration Court."  (Pet. ¶¶ 12-13).  The petition later asserts that petitioner is "a member of the *Guerra-Orellana* class," but does not include plausible factual allegations to support the legal conclusion that petitioner falls within the class definition.  (*Id.* at 6).  Finally, the "legal grounds for relief" identified in the petition include only assertions that petitioner's detention violates his Fifth Amendment due-process rights, and do not include a claim regarding detention under 8 U.S.C. § 1225 versus 8 U.S.C. § 1226, as is at issue in *Guerra-Orellana*.  (*Id.* at 5-6).  The petition does not identify the country of which petitioner is a citizen or national; when and where he entered the United States; or what information he was given, if any, regarding the terms on which he was being released into the United States.  In its current form, therefore, the petition does not include sufficient factual allegations to allow this court to issue a writ of habeas corpus.

For those reasons, the petition for writ of habeas corpus will be DENIED, effective February 5, 2026, unless petitioner files an amended petition by that date.  Such an amended petition shall clearly allege, at a minimum:  (1) petitioner's citizenship and nationality; (2) the circumstances of his entry into the United States, including when it occurred, whether it occurred at a port of entry, whether he was encountered by immigration officials, and any information or documentation he received concerning the terms on which he was released into the United States; (3) whether petitioner has remained in the United States continuously since his initial entry; and (4) a prayer for relief that clarifies whether petitioner claims that the writ should issue based on a violation of his Fifth Amendment due-process rights, as the original petition suggests, or whether he also alleges a statutory violation as a basis for issuing the writ.

Again, any such amended petition shall be filed within 14 days (that is, by February 5, 2026).  Failure to do so will result in the denial of the petition.

**So Ordered.**

Dated:  January 22, 2026

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Court Judge